IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GENE LOMBARD | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MARY E. SABOL, et al.[1] | : | NO.  07-2650 |

## REPORT AND RECOMMENDATION

**ELIZABETH T. HEY**
**UNITED STATES MAGISTRATE JUDGE**                                    June  30, 2008

This is a <u>pro se</u> petition for writ of habeas corpus filed pursuant to 28 U.S.C. §

2254, by an individual who is currently detained at the York County Prison by ICE.  For

the reasons that follow, I recommend that the petition be dismissed as untimely filed.

## FACTS AND PROCEDURAL HISTORY

According to the Commonwealth's evidence at trial, Lombard attacked his former

girlfriend with a wrench on April 26, 1998, breaking her jaw.  On March 2, 1999, after a

bench trial before the Honorable Shelia Woods-Skipper, Lombard was convicted of

aggravated and simple assault, possession of an instrument of crime, and recklessly

---

[1]At the time Lombard filed this petition, he was incarcerated at the State
Correctional Institution at Mahanoy, Pennsylvania, and Lombard properly named Edward
Klem, the Superintendent of SCI-Mahanoy as the respondent in this action.  In early July,
2007, Lombard was released from state custody to the Department of Homeland Security
- Immigration and Customs Enforcement ("ICE").  Because he is currently detained by
ICE at the York County Prison, the Warden of the facility, Mary E. Sabol, who is
Lombard's immediate custodian, is properly named as the respondent in this action.  <u>See</u>
<u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 436 (2004).  Therefore, I have replaced Warden Sabol
as the respondent in this case.

endangering another person.  On July 2, 1999, Judge Woods-Skipper sentenced Lombard to 48 - 96 months' imprisonment followed by two years' probation.

Lombard timely filed a direct appeal.  On September 20, 2000, the Superior Court affirmed the judgment of sentence.  <u>Commonwealth v. Lombard</u>, 2393 EDA 199 (Pa. Super. Sept. 20, 2000).  Lombard then sought discretionary review in the Pennsylvania Supreme Court.  The petition for allowance of appeal was denied on May 2, 2001. <u>Commonwealth v. Lombard</u>, 689 EAL 2000 (Pa. May 2, 2001).

On April 8, 2002, Lombard filed a <u>pro se</u> petition pursuant to Pennsylvania's Post Conviction Relief Act, ("PCRA"), 42 Pa. C.S.A. §§ 9541-9551.  The petition was denied on December 3, 2002**.**  Lombard filed a timely appeal.  On December 27, 2006, the Superior Court affirmed the denial of PCRA relief.  <u>Commonwealth v. Lombard</u>, 3347 EDA 2005 (Pa. Super. Dec. 27, 2006).[2]  Lombard did not seek review in the Pennsylvania Supreme Court.

---

[2]The delay in adjudication was due to the fact that the Superior Court remanded the case twice for further proceedings.  On March 12, 2004, the Superior Court remanded the case to the PCRA Court for a more detailed opinion.  <u>Commonwealth v. Lombard</u>, 18 EDA 2003 (Pa. Super. Mar. 12, 2004).  On August 30, 2004, Judge Woods-Skipper filed a supplemental opinion.  On February 22, 2005, the Superior Court again remanded the case to the PCRA Court, finding that Lombard's court-appointed PCRA counsel had not conducted an adequate investigation of petitioner's claims.  <u>Commonwealth v. Lombard</u>, 18 EDA 2003 (Pa. Super. Feb. 22, 2005).  After appointing new counsel, Judge Woods-Skipper again dismissed the PCRA petition on October 14, 2005.  <u>See Commonwealth v. Lombard</u>, No. 9807-0990 (PCRA Docket Entry, Oct. 14, 2005).

On June 20, 2007, Lombard filed this petition for habeas corpus, claiming (1) the evidence was insufficient to support the verdict, (2) the trial court erred in denying a motion to suppress, (3) trial counsel was ineffective for failing to conduct an investigation and failing to effectively cross examine witnesses, and (4) the jury waiver was constitutionally invalid.[3]

At the time he filed his petition, Lombard was serving his sentence at SCI-Mahanoy.  Lombard was subsequently released from SCI-Mahanoy in early July, 2007.[4] Believing that Lombard had been released from prison and failed to abide by the probationary portion of the sentence imposed by Judge Woods-Skipper, the District Attorney asked this court to dismiss Lombard's petition based on Pennsylvania's fugitive forfeiture rule and for failure to prosecute the petition.  See Respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus (Doc. 14).  However, after much investigation by the District Attorney, Lombard was located in ICE custody.  The District Attorney withdrew the request to dismiss the petition based on the fugitive forfeiture rule,

---

[3]Although Lombard's petition was docketed on June 25, 2007, a pro se petitioner's habeas petition is deemed filed at the moment he delivers it to prison authorities for mailing to the district court.  Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)).  Because Lombard dated the petition on June 20, 2007, I will assume that he presented it to prison authorities on that date.

[4]Because Lombard was in custody at the time he filed his habeas petition and is still subject to the probation imposed by Judge Woods-Skipper, he is considered "in custody" for purposes of section 2254.  See Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (citing Spencer v. Kemna, 523 U.S. 1, 7 (1998); Mabry v. Johnson, 467 U.S. 504, 507 n.3 (1984) (subsequent release does not divest the court of jurisdiction and probation constitutes custody)).

and the court contacted Lombard to ask if he wished to proceed with his petition in light of his release from state prison.  Lombard responded that he wished to proceed.  See Letter of Lombard, Mar. 10, 2008.

Thereafter, the District Attorney filed a Response to the petition, arguing that Lombard's claims were not cognizable, defaulted, or meritless.  In responding to the habeas petition, the District Attorney neglected to address the statute of limitations.  My initial review of the petition and state court record revealed that the petition was untimely.  Therefore, in conformity with Day v. McDonough, 547 U.S. 198, 209-10 (2006), I issued an Order directing the parties to address the timeliness of the petition, equitable tolling, and whether the court should enforce the time bar despite the District Attorney's failure to raise it as a defense in his response.

The District Attorney has now requested that the petition be dismissed as time-barred, explaining that the failure to raise the statute of limitations was inadvertent.  See Respondents' Memorandum in response to the Court's Order of May 21, 2008. The Petitioner has also responded to my Order, arguing that his petition is, in fact, timely filed.

**DISCUSSION**

With the passage of the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"), Congress enacted a one-year limitations period for federal habeas corpus petitions.  28 U.S.C. § 2244(d).  Ordinarily, as is the case here, the one-year period begins

4

to run on the date on which the judgment became final in the state courts and is tolled only by a properly filed PCRA petition.  28 U.S.C. § 2244(d)(1)(A) and (d)(2).

Lombard's conviction became final on July 31, 2001, when the time allowed for filing a petition for a writ of <u>certiorari</u> to the United States Supreme Court expired.  <u>See</u> Supreme Court Rule 13(1) (petitioner has 90 days to file petition for <u>certiorari</u>); <u>Kapral v. United States</u>, 166 F.3d 565, 575 (3d Cir. 1999) (same).  As a result, Petitioner had until July 31, 2002, plus any time during which the limitations period was tolled, to file his federal habeas petition.

## A.  **Statutory Tolling**

The habeas limitations period is subject to statutory tolling.  Specifically, the time during which a "properly filed" PCRA petition is pending is excluded from the one-year calculation.  28 U. S. C. § 2244(d)(2).  Lombard filed a PCRA petition on April 8, 2002, 251 days after his conviction became final.  The time during which this petition and the timely appeals were pending is tolled.  <u>See</u> <u>Swartz v. Meyers</u>, 204 F.3d 417, 421 (3d Cir. 2000) (a collateral petition or appeal remains pending during the time an appeal could be taken, whether such appeal is taken or not).  The Superior Court affirmed the denial of PCRA relief on December 27, 2006, and Lombard did not seek discretionary review in the Pennsylvania Supreme Court.  Therefore, the habeas limitations period resumed running on January 26, 2007, when the time for seeking review in the Pennsylvania Supreme Court expired.  <u>See</u> <u>id.</u>; Pa. R. App. P. 1113(a) (allowing 30 days for the filing

5

of an allocatur petition).  At that time, Lombard had 114 days remaining to timely file his

habeas petition.  Barring additional tolling, Lombard's habeas petition had to be filed on

or before May 10, 2007.

### B.  Equitable Tolling

The Third Circuit has held that equitable tolling is proper only when the

"principles of equity would make [the] rigid application [of a limitation period] unfair."

Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1988)

(citation omitted).  In order to qualify for equitable tolling, "[t]he petitioner must show

that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.'

Mere excusable neglect is not sufficient."  Id. at 618-19 (citations omitted).[5]  Our Circuit

Court has identified four circumstances in which equitable tolling is justified: (1) when

the defendant has actively misled the plaintiff; (2) when the plaintiff has in some

extraordinary way been prevented from asserting his rights; (3) when the plaintiff has

timely asserted his rights, but has mistakenly done so in the wrong forum; or (4) when the

claimant received inadequate notice of his right to file suit, a motion for appointment of

counsel is pending, or where the court has misled the plaintiff into believing that he had

_____

[5]These standards are consistent with anticipated Supreme Court standards.  For
example, in assuming without deciding that equitable tolling is available, the United
States Supreme Court recently stated that a litigant bears the burden of establishing two
elements: "(1) that he has been pursuing his rights diligently, and (2) that some
extraordinary circumstances stood in his way."  Lawrence v. Florida, _ U.S. _, 127 S.Ct.
1079, 1085 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

6

done everything required of him.  Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999)

(citing United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998); Seitzinger v. Reading

Hosp. & Med. Ctr., 165 F.3d 236, 239-40 (3d Cir. 1999)).  The court has cautioned,

however, that equitable tolling is to be invoked "only sparingly."  See Midgley, 142 F.3d

at 179.

      Here, Lombard has offered no reason for his failure to comply with the statute of

limitations.  He urges that the petition is timely.  After reading his filing sent in response

to my May 21, 2008, Order, I believe that Lombard misinterprets the statutory tolling

portion of section 2244(d)(2).  Lombard apparently believes that, because AEDPA

requires that he fully exhaust his claims, including by way of available state collateral

review, the limitations period did not begin to run until the conclusion of his PCRA

appeal.  See Petitioner's Memorandum in response to the May 22 Order, at 3.  Contrary to

Lombard's belief, the clock does not *restart* upon the completion of the collateral appeal.

Rather, the clock merely *resumes* running.  Even tolling the time during which Lombard's

PCRA petition and appeals were pending, his time for filing a timely habeas petition

expired on May 10, 2007.  He failed to file this petition until June 20, 2007.

Unfortunately, in non-capital cases, errors arising from miscalculation or inadequate

research do not rise the level of extraordinary circumstances necessary for equitable

tolling.  Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001).

Finally, Lombard seems to argue that he is entitled to additional tolling because one of his PCRA claims relied on after-discovered evidence.  See Petitioner's Memorandum in response to the May 22 Order, at 2-3.  In his PCRA petition, Lombard claimed that after-discovered evidence – the medical reports from the victim's hospitalization showing a single fracture of the jaw – would have impeached the victim's testimony that she suffered four fractures of the jaw.  See Commonwealth v. Lombard, Memorandum of Law, attached to PCRA petition, at Claim A.  Judge Woods-Skipper found that, not only were the records available at the time of trial, but the records were admitted into evidence at trial.  Commonwealth v. Lombard, No. 9807-0990, at 11 (Ct. Com. Pl. Aug. 30, 2004) (Woods-Skipper, J.).  Thus, the evidence was not after-discovered and counsel could not be found ineffective for failing to present them.[6]

Having failed to establish any basis for equitable tolling, Lombard's petition is time-barred.

## C.  Enforcement of the Time Bar

In Day, the Supreme Court held that the district court is permitted to consider, sua sponte, the timeliness of a habeas petition.  Day, 547 U.S. at 209-10; see also United States v. Bendolph, 409 F.3d 155 (3d Cir. 2005).  However, the Court warned that the

---

[6]To the extent Lombard's filing can be read to request an alternate start date for the habeas limitations period, see 28 U.S.C. § 2244(d)(1)(D) (limitations period begins when the factual predicate of the claim could have been discovered through exercise of due diligence), the request must be denied.  As noted by Judge Woods-Skipper, the medical report was admitted into evidence at trial.  N.T. 3/2/99 at 42-43.

district court must give the parties an opportunity to present their positions on the applicability of the statute of limitations and consider the prejudice to the petitioner.

> [B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions. Further, the court must assure itself that the petitioner is not significantly prejudiced by the delayed focus on the limitation issue, and determine whether the interests of justice would be better served by addressing the merits or by dismissing the petition as time barred.

Day, 547 U.S. at 210.

In Day, the respondent erred in calculating the days of untolled time and therefore did not assert a statute of limitations defense. On its own motion, and after giving the petitioner an opportunity to respond, the district court dismissed the petition as untimely. Because the Court found that the respondent had not affirmatively waived the defense, and because no proceedings had occurred in the nine months between the response and the court's sua sponte notice, the Court found that the petition was properly dismissed as untimely. Id. at 1684-85. Similarly, under Bendolph, whether a respondent will be unfairly prejudiced "turns on such factors as how late in the proceedings the defense was raised, whether the petitioner had an opportunity to respond, and whether the respondent acted in bad faith." Bendolph, 409 F.3d at 160. The Third Circuit noted that "inadvertence does not equal bad faith." Id.

Here, I have afforded Lombard and the District Attorney the opportunity to address the applicability of the limitations period and the issues that arise in the event it is applicable. As in Day, there have been no court proceedings since the response was filed.

9

Thus, it would be difficult for Lombard to establish any prejudice.  Also, I have no reason to doubt the District Attorney's assertion that the failure to raise the defense was the result of inadvertence.  I conclude that Respondents have not waived the statute of limitations defense and will recommend that the habeas petition be dismissed as untimely filed.

## <u>CONCLUSION</u>

Despite the fact that the court raised the timeliness issue <u>sua</u> <u>sponte</u>, the petitioner has not been prejudiced by the delayed focus on the issue.  Thus, the defense is not waived.  Although Lombard is entitled to statutory tolling of the habeas limitations period for the time during which his PCRA petition and the appeal from the denial of relief were pending, his petition is still untimely filed.  He has provided no basis to support equitable tolling.

Therefore, I make the following:

## <u>R E C O M M E N D A T I O N</u>

AND NOW, this   30th                    day of       June                              , 2008,

IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be

DISMISSED AS UNTIMELY FILED.  There has been <u>no</u> substantial showing of the

denial of a constitutional right requiring the issuance of a certificate of appealability.

Petitioner may file objections to this Report and Recommendation.  <u>See</u> Local Civ. Rule

72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.

/s/Elizabeth T. Hey

_____

ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE